1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL INGRAHAM, | ) | 1:10cv01273 LJO DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| LEE LUNDRIGAN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        Plaintiff Michael Ingraham ("Plaintiff"), appearing pro se, filed the instant action

pursuant to 42 U.S.C. § 1983 on July 20, 2010.  He names Stanislaus County Recorder Lee

Lundrigan and her assistant, Jeremy Howell, as Defendants.  Plaintiff paid the filing fee and is

therefore not appearing in forma pauperis.

## DISCUSSION

A.    Screening Standard

        A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the

claimant cannot possibly win relief.  Omar v.Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir.

1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981).  A claim is legally frivolous when it

lacks an arguable basis either in law or fact.  Neitzke v. Wiliams, 490 U.S. 319, 325 (1989);

Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A federal court may dismiss a

claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. Nietzke, 490 U.S. at 327.

B.    Plaintiff's Allegations

       In the caption of his complaint, Plaintiff indicates that this action is brought pursuant to

42 U.S.C. §§ 1983, 1985 and 1986, as well as criminal statutes 18 U.S.C. §§ 241 and 242.

       Plaintiff alleges that he owns a home and land in Modesto, California, and is "currently

interested in preserving and protecting [his] properly rights."  Complaint, at 2.  He contends that

Defendants violated his rights to Due Process and Equal Protection by not allowing him to record

a "Notice of Intent to Preserve an Interest."  Complaint, at 3.  Plaintiff contends that the

document is required by California Civil Code section 880.350.

       Plaintiff alleges that Defendants refused to allow him to file the document pursuant to

California Government Code section 27201, which sets out basic requirements for documents

submitted for recordation.  He believes that Defendants have created an "elite class of preferred

citizens" by only allowing attorneys and other professionals to record documents.  Complaint, at

6.

       Specifically, Plaintiff alleges that he attempted to file the document on July 14, 2010, but

was told he was not allowed to do so.  Plaintiff told the clerk that he was acting as his own

attorney, but the clerk still refused.  Plaintiff spoke with supervisor Jeremy Howell, who also

refused to allow Plaintiff to file the document.  Plaintiff alleges that he told Mr. Howell that his

document met all the requirements, but he continued to refuse to allow Plaintiff to record the

document.  Plaintiff alleges that he was threatened with arrest and detention if he attempted to

file the document again.

       Plaintiff contends that Defendants knew, or should have known, that non-attorneys can

record documents pursuant to federal law.  He alleges causes of action for (1) declaratory and

injunctive relief; and (2) intentional infliction of emotional distress.

C.    Citation to Criminal Statutes

       To the extent Plaintiff purports to bring this action under 18 U.S.C. §§ 241 and 242, he

cannot do so.  Sections 241 and 242 are *criminal* statutes addressing deprivation of rights and do

1  not provide for a private right of action.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th

2  Cir.1980) (per curiam).

3        Similarly, Plaintiff alleges a violation of 18 U.S.C. § 2071 in his complaint.  This section,

4  which prohibits concealment, removal or mutilation of public records, is also a criminal statute

5  and does not provide a private right of action.  See Dugar v. Coughlin, 613 F.Supp. 849

6  (S.D.N.Y. 1985).

7        Plaintiff is therefore unable to state a claim under 18 U.S.C. §§ 241, 242 and 2071.

8  D.     Conspiracy Allegations

9        In the caption of his complaint and in the first paragraph, Plaintiff cites 42 U.S.C. §§

10  1985 and 1986.  He does not cite these sections in any other portion of his complaint, nor does he

11  allege facts that would state a claim under sections 1985 or 1986.

12      1.    *Section 1985*

13        The second clause of section 1985(2) proscribes conspiracies for the purpose of impeding

14  the due course of justice in any state, with the intent to deny equal protection of the laws, and

15  section 1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges

16  and immunities.[1]  Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington, 834 F.2d

17  758, 767 (9th Cir. 1987).  A racial, or perhaps otherwise class-based, invidiously discriminatory

18  animus is an indispensable element of a section 1985(3) claim.  Sprewell v. Golden State

19  Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted).  Restraint must be

20  exercised in extending section 1985(3) beyond racial prejudice.  Butler v. Elle, 281 F.3d 1014,

21  1028 (9th Cir. 2002) (citation omitted).

22        In interpreting these standards, the Ninth Circuit has held that a claim under section 1985

23  must allege specific facts to support the allegation that defendants conspired together.  Karim-

24  Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).  A mere allegation of

25

26

27       [1] "The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a

28  party, witness or juror in connection therewith," Bretz v. Kelman, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985), and is
not applicable.

1  conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.;

2  Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

3      Here, Plaintiff's complaint wholly fails to allege any conspiracy. Plaintiff states that

4  Defendant Lundrigan "has directed his/her agents and employees to violate my rights to Due

5  Process of Law under the Fifth and Fourteenth Amendment," yet this statement is insufficient to

6  allege that Defendants conspired to deprive Plaintiff of his rights. Plaintiff's allegation is

7  nothing more than a conclusory statement and does not provide the requisite factual specificity

8  required to state a claim under section 1985.

9      2.   *Section 1986*

10      "Section 1986 authorizes a remedy against state actors who have negligently failed to

11  prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty.

12  Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief

13  under 42 U.S.C. § 1986 unless he has first stated a claim for relief under section 1985.

14  McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992). As discussed in

15  the preceding paragraph, Plaintiff's complaint does not contain a cognizable claim for relief

16  under section 1985. Accordingly, Plaintiff fails to state a claim for relief under section 1986.

17  E.   Failure to Satisfy Federal Rule of Civil Procedure 8

18      Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure 8 as to his allegations

19  that Defendants have deprived him of his rights of Due Process and Equal Protection by

20  preventing him from recording a Notice of Intent to Preserve an Interest.

21      Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or

22  her claim, identifying the transaction or occurrence giving rise to the claim and the elements of

23  the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).

24      Moreover, a pleading may not simply allege a wrong has been committed and demand

25  relief. The underlying requirement is that a pleading give "fair notice" of the claim being

26  asserted and the "grounds upon which it rests." Yamaguchi v. United States Dep't of Air Force,

27  109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of

28  Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and

4

1    succinctly.  <u>Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984)</u>.  A plaintiff

2    must allege with at least some degree of particularity overt facts which defendant engaged in to

3    support plaintiff's claim.  <u>Id. at 649</u>.  A complaint does not suffice "if it tenders 'naked

4    assertion[s]' devoid of 'further factual enhancement.'"  <u>Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949</u>

5    (quoting <u>Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  557 (2007)</u>.  The United States

6    Supreme Court has explained:

7          While, for most types of cases, the Federal Rules eliminated the cumbersome requirement
           that a claimant "set out in detail the facts upon which he bases his claim," <u>Conley v.</u>

8          <u>Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)</u> (emphasis added), Rule 8(a)(2)
           still requires a "showing," rather than a blanket assertion, of entitlement to relief.

9          Without some factual allegation in the complaint, it is hard to see how a claimant could
           satisfy the requirement of providing not only "fair notice" of the nature of the claim, but

10         also "grounds" on which the claim rests.

11         Plaintiff's complaint, when read in its entirety, fails to sufficiently identify any

12    wrongdoing.  Plaintiff simply alleges that Defendants did not allow him to file a Notice of Intent

13    to Preserve an Interest.  Although Plaintiff alleges that Defendants would not allow him to record

14    the document because he was not an attorney, he cites no facts in support of this allegation.  The

15    attorney/non-attorney distinction appears to be nothing more than Plaintiff's unfounded belief.

16         In fact, the complaint itself cites a proper reason for refusing recordation.  As Plaintiff

17    notes, a Notice of Intent to Preserve an Interest is permitted pursuant to the Marketable Record

18    Title Act of 1982.  <u>Cal. Civ. Code §§ 880.020-887.090</u>.  The notice may be recorded only under

19    specified conditions.  Section 880.310(a) provides:

20          If the time within which an interest in real property expires pursuant to this title depends
           upon recordation of a notice of intent to preserve the interest, a person may preserve the

21          person's interest from expiration by recording a notice of intent to preserve the interest
           before the interest expires pursuant to this title. Recordation of a notice of intent to

22          preserve an interest in real property after the interest has expired pursuant to this title does
           not preserve the interest.

23    Section 880.330 states:

24          Subject to all statutory requirements for recorded documents:

25          (a) A notice of intent to preserve an interest in real property shall be in writing and signed

26          and verified by or on behalf of the claimant. If the notice is made on behalf of a claimant,
           the notice shall include a statement of the authority of the person making the notice.

27

28

(b) The notice shall contain all of the following information:

      (1) The name and mailing address of the claimant. If the notice is made by or on behalf of more than one claimant the notice shall contain the name and mailing address of each claimant.

      (2) A statement of the character of the interest claimed. The statement shall include a reference by record location to the recorded document that creates or evidences the interest in the claimant.

      (3) A legal description of the real property in which the interest is claimed. The description may be the same as that contained in the recorded documents that creates or evidences the interest in the claimant.

If these requirements are met, the document must still satisfy the general recording requirements of various state statutes. California Government Code section 27201 states:

(a) The recorder shall, upon payment of proper fees and taxes, accept for recordation any instrument, paper, or notice that is authorized or required by statute or court order to be recorded, *if the instrument, paper, or notice contains sufficient information to be indexed as provided by statute, meets recording requirements of state statutes and local ordinances, and is photographically reproducible.* The county recorder shall not refuse to record any instrument, paper, or notice that is authorized or required by statute or court order to be recorded on the basis of its lack of legal sufficiency.

"Photographically reproducible," for purposes of this division, means all instruments, papers, or notices that comply with standards as recommended by the American National Standards Institute or the Association for Information and Image Management for recording of records.

(b)(1) Each instrument, paper, or notice shall contain an original signature or signatures, except as otherwise provided by law, or be a certified copy of the original.

(2) A facsimile signature shall be accepted on a lien recorded by a governmental agency when that facsimile signature has been officially adopted by that agency. The lien shall have noted on its face a statement to that effect. A copy of the agency's resolution or action adopting the signature for facsimile transmission purposes or a certified copy of the agency's adopted signature shall be provided to the county recorder when the signature is officially adopted by the agency, or at the beginning of each calendar year.

Section 27201, then, requires documents submitted for recordation (1) to contain sufficient information; (2) meet the recording requirements of state statutes and local ordinances; (3) be photographically reproducible; and (4) contain an appropriate signature.

Plaintiff states that Defendants cited section 27201 as support for not their decision to reject the document.  This means that according to Plaintiff's own allegations, his notice did not meet one of numerous requirements set forth in either the California Civil Code or the California Government Code.  Plaintiff suggests that section 27201 "conflicts" with his right under Civil

6

1 Code section 880.350, but he is incorrect.  Section 27201 simply sets forth basic requirements for

2 documents submitted for recordation, including those under Civil Code section 880.350.

3      Moreover, Plaintiff does not allege facts to show that his document complied with *any* of

4 the statutes cited above.  He simply states that he has "met all the written requirements," but this

5 is nothing more than a legal conclusion.  He has not provided a copy of the document nor has he

6 set forth facts to show that his document did in fact comply with the state statutes.  His failure to

7 do so runs afoul of Rule 8 and renders his allegations insufficient to state a claim.

8 F.    Intentional Infliction of Emotional Distress

9      "Under California law, the elements of intentional infliction of emotional distress are: (1)

10 extreme and outrageous conduct by the defendant with the intention of causing, or reckless

11 disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

12 extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

13 the defendant's outrageous conduct."  Simo v. Union of Needletrades, Industrial & Textile

14 Employees, 322 F.3d 602, 621-22 (9th Cir. 2003) (citing to Christensen v. Superior Court, 54

15 Cal.3d 868, 903 (1991)).  Conduct is "outrageous if it is 'so extreme as to exceed all bounds of

16 that usually tolerated in a civilized community.'"  Simo, 322 F.3d at 622 (quoting Saridakis v.

17 United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)).

18      As explained above, Plaintiff's complaint demonstrates that Defendants put forth a valid

19 reason for rejecting his document and Plaintiff has not sufficiently demonstrated otherwise.  His

20 complaint therefore fails to show that Defendants' conduct was "extreme and outrageous" and he

21 has failed to state a claim for intentional infliction of emotional distress.

22 G.    Amendment

23      Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

24 In amending his complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in

25 order to make his amended complaint complete.  Local Rule 220 requires that an amended

26 complaint be complete in itself without reference to any prior pleading.  This is because, as a

27 general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375

28

F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action. It must contain a short and plain statement of his claims and must clearly set forth the causes of action alleged against each Defendant. If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed.


IT IS SO ORDERED.

Dated:   **July 22, 2010**                    **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE