1
2
3
4
5
6
7
8

9          **IN THE UNITED STATES DISTRICT COURT**

10         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   MICHAEL INGRAHAM,                          CASE NO. CV F 10-1273 LJO DLB

13                    Plaintiff,                **ORDER ON DEFENDANTS' F.R.Civ.P. 12**
                                                **MOTION TO DISMISS**
14         vs.                                  (Doc. 10.)

15   LEE LUNDRIGAN, et al.,

16                    Defendants.
                                         /
17   _____

18                            **INTRODUCTION**

19         Defendants Stanislaus County Clerk Recorder Lee Lundrigan ("Ms. Lundrigan") and clerk

20   recorder supervisor Jerry Howell ("Mr. Howell") seek to dismiss as meritless pro se plaintiff Michael

21   Ingraham's due process and equal protection claims arising from refusal to record Mr. Ingraham's

22   "Notice of Intent to Preserve Interest" ("notice of intent") for his Modesto property.   This Court

23   considered Ms. Lundrigan and Mr. Howell's (collectively "defendants'") F.R.Civ.P. 12 motion to

24   dismiss on the record and VACATES the November 19, 2010 hearing, pursuant to Local Rule 230(g).

25   For the reasons discussed above, this Court DISMISSES this action against defendants.[1]

26   / / /

27   _____

28         [1]      With dismissal of this action, this Court need not consider defendants' alternative F.R.Civ.P. 12(e) motion
     for more definite statement.

                                            1

## BACKGROUND

### Mr. Ingraham's Notice Of Intent

On July 14, 2010, Mr. Ingraham attempted to record with the Stanislaus County Clerk Recorder's office ("recorder's office") his notice of intent, apparently pursuant to California Civil Code section 880.310, which permits "[r]ecordation of a notice of intent to preserve an interest in real property after the interest has expired." The recorder's office refused to record Mr. Ingraham's notice of intent in that it fails to comply with the form of notice of California Civil Code section 880.340.

The notice of intent states:

1. "I, Michael David Ingraham hereby issue this Memorandum; to preserve full market value and possession to preserve my private property rights and to preserve my natural God given rights and freedoms as the Sovereign freeholders. I claim absolute ownership of my land in Allodium";

2. "I have not assigned my interests to any other person, natural or artificial under the organic laws of the United States of America";

3. "I never signed any conveyances or debt instruments involving lawful money or valuable consideration under the laws of the united States of America. The current mortgage contract has been rendered void and without any force or effect in law . . ."

4. "I, Michael David Ingraham do certify and declare that I am the assignee to the land patent issued by the United States, under 13th Section of the Act of March 3, 1851, issued July 25, 1873, known as the Pueblo De Sonoma, under the authority of the Treaty of Guadalupe Hidalgo, to John Neighbours, that is filed and is known by the Stanislaus-county recorder, in the Records of Patents via their copy of said land patent as Patent Number 457 issued to John Neighbours in July, 1873";

5. "I will not remain in surety for these debts";

6. "I am not a U.S. Citizen under the provisions of the Fourteenth Amendment"; and

7. "I, Michael David Ingraham, the Claimant and Freeholder, do further assert and affirm my full rights, title and interest in Allodium and I retain absolute ownership and dominion of said private property and this is based upon the Deed, to obtain allodial title,

2

recorded in the Stanislaus-county office of the Recorder."

### Mr. Ingraham's Claims

Mr. Ingraham proceeds on his operative 31-page "Verified First Amended Complaint for Damages under Title 42 USC, Sections 1983, 1985, 1986" ("FAC") to claim that Mr. Ingraham is "interested in preserving and protecting my property rights to land located in California." The FAC alleges:

> I told the clerk that I was acting as my own Attorney, that state law required the County Recorder to accept said document for filing. And that I have a right to file such a document under state law and consequently the Notice of Intent to Preserve an Interest must be filed with the Stanislaus County Recorder, but she refused. I subsequently spoke with the Supervisor Jeremy Howell. I, again explained that I need to file the "Notice of Intent to Preserve and Interest" in the County Recorders Office to preserve my rights and interest, and that they were violating my rights, secured by the federal constitution and he again refused. I told him that I had met all of the requirements written into state law for the filing of the Notice of Intent to Preserve an Interest, but she refused to record the document, saying that I was not allowed t file the document. I was threatened with arrest and detention if I were to attempt to file this document again.

The FAC further alleges that:

1.  Ms. Lundrigan "has directed his/her agents and employees to violate my rights to Due Process of Law under the Fifth and Fourteenth Amendment [sic] to the United States Constitution, and the Equal Protection Clause of the Fourteenth Amendment . . . to violate my rights to record the notice of intent to preserve an interest";

2.  Mr. Ingraham is "entitled to record a notice of intent to preserve an interest in the subject property under California Civil Code Section 880.320";

3.  "Defendants have refused to record the subject notice of intent to preserve an interest and have acted under a chain of command with persons at the top of the chain of command ordering others under them to take the complained of actions, thereby creating a conspiracy to defeat justice, defeat my rights to preserve my interest in the subject property and deny me my rights to due process of law";

4.  Ms. Lundrigan "acted beyond the scope of her authority, and violated my Rights to Equal Protection of the Laws of the United States, by denying me the ability to record a 'Notice of Intent to Preserve an Interest Document'";

5.  "I am clearly being singled out by the Defendants, since they have steadfastly refused to

allow me to file a document which the California legislative Assembly has authorized the public to file";

6. "Defendants either knew or should have known that the California Legislative Assembly has authorized the filing of a Notice of Intent to Preserve an Interest . . . and that they are required to accept said documents for filing";

7. The "Nazi style refusal by Defendants" violates "the Equal Protection clause of the Fourteenth Amendment by creating an unwarranted classification for the purposes of excluding people and forcing those of modest means and resources to hire an Attorney, or be effectively shut out of the Judicial Process and shut out of the County Recorders Office for the purpose of filing documents"; and

8. Mr. Ingraham has "suffered from emotional distress."

The FAC seeks:

1. Aan order to require "Defendants to accept for filing, any documents submitted for filing entitled Notice of Intent to Preserve an Interest";

2. A "judgment that the Defendants [sic] lack of jurisdiction and authority to set aside or misapply the Provisions of the State of California Codes in any manner that prohibits or impairs the use" of "any Notice of Intent to Preserve an Interest document"; and

3. A "judgment that any effort by the defendant or his agents to violate the plaintiffs [sic] rights to record a Notice of Intent to Preserve an Interest are prohibited as a violation of the Due Process clause of the Fifth and Fourteenth Amendment and the Equal Protection clause of the Fourteenth Amendment."

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Defendants seek to dismiss Mr. Ingraham's claims in that his notice of intent "reaches far beyond what is permitted to be stated in a Notice of Intent under the code and is actually quite hair-brained, illogical and cites antiquated documents of dubious existence." Defendants fault the notice of intent's failure to provide "[r]ecord location of document creating or evidencing interest in claimant" as required by California Civil Code section 880.340.

4

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9ᵗʰ Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9ᵗʰ Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9ᵗʰ Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9ᵗʰ Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9ᵗʰ Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7ᵗʰ Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9ᵗʰ Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9ᵗʰ Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd.*

1    *v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

2           "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

3    allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

4    than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

5    *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

6    Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

7    plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing*

8    *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either

9    direct or inferential allegations respecting all the material elements necessary to sustain recovery under

10   some viable legal theory."  *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v.*

11   *Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

12          In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently

13   explained:

14             To survive a motion to dismiss, a complaint must contain sufficient factual
        matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A
15      claim has facial plausibility when the plaintiff pleads factual content that allows the court
        to draw the reasonable inference that the defendant is liable for the misconduct alleged.
16      . . . The plausibility standard is not akin to a "probability requirement," but it asks for
        more than a sheer possibility that a defendant has acted unlawfully.  (Citations omitted.)

17

18          After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

19   to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

20   content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret*

21   *Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

22          The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

23             First, the tenet that a court must accept as true all of the allegations contained in
        a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
24      a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
        only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
25      . Determining whether a complaint states a plausible claim for relief will . . . be a
        context-specific task that requires the reviewing court to draw on its judicial experience
26      and common sense. . . . But where the well-pleaded facts do not permit the court to infer
        more than the mere possibility of misconduct, the complaint has alleged – but it has not
27      "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

28          In keeping with these principles a court considering a motion to dismiss can

6

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2.   In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).   Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[2]  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd*., 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  A court properly may take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

As discussed below, the FAC is subject to dismissal in the absence of claims supported by a cognizable legal theory or sufficient facts alleged under a cognizable legal theory.

---

[2]         "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

### Failure To Satisfy F.R.Civ.P. 8

As a preliminary matter, the FAC fails to satisfy F.R.Civ.P. 8 requirements that a plaintiff "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The FAC fails to satisfy F.R.Civ.P. 8. The FAC spans 31 pages and contains repetitive language

1   and irrelevant citations to and quotations from appellate decisions.  The FAC lacks facts to support

2   claims or valid, cognizable legal theories.  The FAC lacks specific, clearly defined allegations to support

3   purported claims against defendants.  The FAC's failure to satisfy F.R.Civ.P. 8 warrants dismissal.

4                                    **Due Process Of Law**

5           Defendants contend that Mr. Ingraham's purported due process rights are "immaterial" given that

6   his notice of intent "varies significantly" from and did not comply with the form required by California

7   Civil Code section 880.340.

8           "The Fourteenth Amendment protects individuals against the deprivation of liberty or property

9   by the government without due process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.

10  1993).  "The requirements of procedural due process apply only to the deprivation of interests

11  encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents of*

12  *State Colleges v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972).  A Fourteenth Amendment due process

13  claim under 42 U.S.C. § 1983 ("section 1983") may address "procedural rights" of "guarantee of a fair

14  procedure" to address deprivation of a "life, liberty or property" interest "*without due process of law.*"

15  *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975 (1990). To state a section 1983 claim based on

16  procedural due process, a plaintiff must allege: (1) a liberty or property interest protected by the

17  Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.  *Wright v.*

18  *Riverland*, 219 F.3d 905, 913 (9th Cir. 2000).

19          Defendants are correct that Mr. Ingraham was not denied due process in that "he was deprived

20  of something he had no rights to," that is, filing a non-compliant document.  Mr. Ingraham has no

21  protected interest to file his notice of intent because it is not a document recognized for recording.

22  Defendants lawfully fulfilled their obligations to refuse recordation of Mr. Ingraham's notice of intent.

23  Mr. Ingraham lacks a due process claim.

24                                    **Equal Protection**

25          Defendants challenge Mr. Ingraham's purported equal protection claim based on his being

26  "singled out" for failure to comply with California Civil Code section 880.340 (notice of intent "shall

27  be in substantially the following form").

28          "The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny

to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). The "purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 445, 43 S.Ct. 190 (1923).

A section 1983 plaintiff alleging an equal protection violation must prove that: (1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification. *Moua v. City of Chico*, 324 F.Supp.2d 1132, 1137 (E.D. Cal. 2004); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (a section 1983 plaintiff alleging denial of equal protection "must show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class."); *Van Pool v. City and County of San Francisco*, 752 F.Supp. 915, 927 (N.D. Cal.1990) (section 1983 plaintiff must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law).

The FAC fails to establish the Mr. Ingraham was treated differently than others who attempted to file non-compliant notices of intent. In addition, nothing supports that refusal to file a non-compliant notice of intent amounts to impermissible classification. The FAC's purported distinction between Mr. Ingraham as a non-attorney or non-real estate professional does not support an equal protection claim. The FAC lacks facts that Mr. Ingraham was singled out based on an impermissible classification.

### Intentional Infliction Of Emotional Distress

The FAC purports to allege a claim for intentional infliction of emotional distress ("IIED"). Defendants fault the FAC's lack of allegations to support an IIED claim.

The elements of an IIED claim are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering

severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress.  *Nally v. Grace Community Church of the Valley*, 47 Cal.3d 278, 300, 253 Cal.Rptr. 97, 110 (1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1644 (1989)*;Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 155, n. 7, 233 Cal.Rptr. 308 (1987).[3]  The "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Davidson v. City of Westminister*, 32 Cal.3d 197, 209, 185 Cal.Rptr. 252 (1982) (quoting *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593, 156 Cal.Rptr.198 (1979)).  Conduct is extreme and outrageous when it is of a nature which is especially calculated to cause, and does cause, mental distress.  Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 617, 262 Cal.Rptr. 842, 857 (1989).

To support an IIED claim, the conduct must be more than "intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware."  *Christensen v. Superior Court*, 54 Cal.3d 868, 903, 2 Cal.Rptr.2d 79 (1991).  The California Supreme Court has further explained:

> "The law limits claims of intentional infliction of emotional distress to egregious conduct toward plaintiff proximately caused by defendant." . . . The only exception to this rule is that recognized when the defendant is aware, but acts with reckless disregard, of the plaintiff and the probability that his or her conduct will cause severe emotional distress to that plaintiff. . . . Where reckless disregard of the plaintiff's interests is the theory of recovery, the presence of the plaintiff at the time the outrageous conduct occurs is recognized as the element establishing a higher degree of culpability which, in turn, justifies recovery of greater damages by a broader group of plaintiffs than allowed on a negligent infliction of emotional distress theory. . . .

*Christensen*, 54 Cal.3d at 905-906, 2 Cal.Rptr.2d 79 (citations omitted.)

"Whether a defendant's conduct can reasonably be found to be outrageous is a question of law that must initially be determined by the court; if reasonable persons may differ, it is for the jury to determine whether the conduct was, in fact, outrageous."  *Berkley v. Dowds,* 152 Cal.App.4th 518, 534,

---

[3]    Other California courts have identified the elements as "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct."  *Cochran v. Cochran,* 65 Cal.App.4th 488, 494, 76 Cal.Rptr.2d 540 (1998) (citing *KOVR-TV, Inc. v. Superior Court,* 31 Cal.App.4th 1023, 1028, 37 Cal.Rptr.2d 431 (1995)).

61 Cal.Rptr.3d 304 (2007).  There is no bright line standard for judging outrageous conduct, and a case-by-case appraisal of conduct is required.  *Cochran*, 65 Cal.App.4th at 494, 76 Cal.Rptr.2d 540.

Courts do not "afford a remedy in the form of tort damages for all intended mental disturbance. Liabilities of course cannot be extended to every trivial indignity.  Accordingly, it is generally held that there can be no recovery for mere profanity, obscenity, or abuse, without circumstances of aggravation, or for insults, indignities or threats which are considered to amount to nothing more than mere annoyances. The plaintiff cannot recover merely because of hurt feelings." *Yurick v. Superior Court*, 209 Cal.App.3d 1116, 1128, 257 Cal.Rptr. 665 (1989) (internal quotations and punctuation omitted).

The FAC appears to base an IIED claim on defendants' refusal to record his non-compliant notice of intent and threats to call for law enforcement.  Such conduct is not so extreme to exceed possible bounds of decency.  Morever, the FAC lacks facts of Mr. Ingraham's "severe" emotional distress.  "'[S]evere emotional distress' means highly unpleasant mental suffering or anguish 'from socially unacceptable conduct' . . . , which entails such intense, enduring and nontrivial emotional distress that "no reasonable [person] in a civilized society should be expected to endure it." *Schild v. Rubin*, 232 Cal.App.3d 755, 762-763, 283 Cal.Rptr. 533 (1991) (citations omitted).  In the absence of supporting facts, a purported IIED claim fails.

### Attempt At Amendment And Malice

Since the FAC's claims are insufficiently pled and barred as a matter of law, Mr. Ingraham is unable to cure his purported claims by allegation of other facts and thus is not granted an attempt to amend, especially considering that previously he was granted leave to amend.

Moreover, this Court surmises that Mr. Ingraham has brought this action in absence of good faith and that Mr. Ingraham exploits the court system solely for delay or to vex defendants.  This Court further surmises that Mr. Ingraham attempted to file his notice of intent due to frustration with foreclosure of his property.  The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can be inferred from a complaint containing untrue

1    material allegations of fact or false statements made with intent to deceive the court. *See Horsey v.*

2    *Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss

3    this action against defendants.

**CONCLUSION AND ORDER**

5       For the reasons discussed above, this Court:

6       1.      DISMISSES with prejudice this action against defendants; and

7       2.      DIRECTS the clerk to enter judgment in favor of defendants Lee Lundrigan and Jeremy

8              Howell and against plaintiff Michael Ingraham and to close this action.

10    IT IS SO ORDERED.

11    **Dated:**    **October 22, 2010**         **/s/ Lawrence J. O'Neill**

                                   UNITED STATES DISTRICT JUDGE